HILL (SLOUGHTON v.). See Case No. 13,-501.

---

## Case No. 6,499.

### HILL v. SMITH et al.

[2 McLean, 446.][1]

Circuit Court, D. Illinois. June Term, 1841.

MORTGAGE—EQUITY OF REDEMPTION—MERGER.

1. An equity of redemption, at common law, can not be sold on execution.

2. When a mortgagee brings an action on a mortgage bond, obtains judgment, sells the right of redemption, and becomes the purchaser, on the supposition that such an interest can be sold, the equity purchased at the sale merges in the legal estate. And this principle holds equally, whether the purchase extends to the whole or a part of the mortgaged premises.

3. It is a general principle, where a greater and a less estate unite in the same person, the latter becomes merged in the former.

4. Where a contrary intention is shown by the person holding these interests, this effect may not result from the union of these estates.

In equity.

Mr. Krum, for complainant.
Hall & Edwards, for defendants.

OPINION OF THE COURT. This is a bill to foreclose a mortgage. To secure the payment of the residue of the purchase money, the defendant, Smith, executed a mortgage on the tract purchased. After the mortgage money became due the complainant commenced an action, at law, against the mortgagee on the bond, and recovered a judgment. An execution was issued, and the land, with the exception of one hundred acres, was levied on, and sold for three thousand

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

dollars, leaving a balance on the judgment unsatisfied. To obtain this balance this bill was brought to foreclose the mortgage on the hundred acres not sold on execution. In his answer the defendant states, that there is a defect in the title, that he paid, at the time of the purchase, fifteen hundred dollars, and the sum of three thousand was collected on the judgment by a sale of the land mortgaged, excepting the hundred acres. That before the judgment, at law, the defendant, Smith, conveyed to the other defendants the hundred acres on which a foreclosure and sale are prayed by the bill. And the defendant insists that by the sale, at law, the complainant has received, with the payment made at the time of the purchase, more than the value of the land with the defect of title. He also, insists that the above proceeding discharges the mortgagee.

Several exceptions have been taken to the answer, some for impertinence, &c., which need not be stated. We think that the answer admits upon its face the amount unpaid on the mortgage, and the statement of the sale to Howard, &c., by the respondent, can not be held irrelevant, as if not expressly called for by the statements of the bill, it is necessary to show the extent and nature of the interest of the other defendants except Smith. Exceptions overruled. Several questions have been argued, as arising from the face of the bill and answer, which, although made in a somewhat irregular manner, will be here considered.

The first ground taken by the defendants' counsel, is, that the sale and purchase of the defendants' equity of redemption on execution, under a judgment for the mortgage debt, by the complainant, extinguishes the mortgage debt. And to this the cases of Tice v. Annin, 2 Johns. Ch. 125; Atkins v. Sawyer, 1 Pick. 351; 4 Kent, Comm. 157,—were cited. Whether the complainant acquired any right, under the sheriff's sale, may well be doubted. It is clear that at common law an equity of redemption can not be sold on execution. And we believe there is no statute subjecting this interest to execution, nor is it known that the supreme court of Illinois have so held. This point was examined in the case of Piatt v. Oliver [Case No. 11,115].

The above authorities seem to consider the purchaser of the equity of redemption, as resting upon that right only, whether a mortgagee or a stranger make the purchase. And that the payment of the mortgage money discharges the lien of the mortgage. This is undoubtedly the case where the purchaser is a stranger. On the supposition that the right of redemption may be sold on execution, the purchaser possesses himself of the right to redeem, and, on the payment of the amount due the mortgagee, the mortgage is discharged. But in this case the mortgagee was the purchaser, and the payment is to himself. Is the effect of such a purchase to

discharge the mortgage and give the purchaser a mere equity? What is the nature of this equity? It is a right of redemption while it remained in the mortgagor, or when sold to a stranger, but can it be so considered in the hand of the mortgagee? Prior to the purchase the mortgagee had the legal title, and by the purchase he holds this outstanding equity. The equity, then, and the legal title unite in the same person, and where this is the case the equity merges in the legal title. This is clearly the case, unless the party, in whom they unite, evinces a determination to keep them separate, or it is his interest to keep them so. This doctrine is examined by Sir William Grant, in the case of Forbes v. Maffatt, 18 Ves. 389. He says: "It is very clear that a person becoming entitled to an estate, subject to a charge for his own benefit, may, if he choose, at once take the estate, and keep up the charge. Upon this subject a court of equity is not guided by the rules of law. It will sometimes hold a charge extinguished, where it would subsist, at law, and sometimes preserve it where, at law, it would be merged. The question is upon the intention, actual or presumed, of the person in whom the interests are united. In most instances, it is with reference to the party, himself, of no sort of use to have a charge on his own estate; and, where that is the case, it will be held to sink, unless something shall have been done, by him, to keep it on foot." This is the general doctrine on the subject. Lord Compton v. Oxenden, 2 Ves. Jr. 263; 4 Brown, Ch. 398; Gardner v. Astor, 3 Johns. Ch. 53; 2 Fonbl. 162, c. 6, § 8. If the equity of redemption could be sold, by the purchase of it, the complainant vested in himself, as mortgagee, the equitable and legal titles to the land sold; and there can be no reason why the equitable should not merge in the legal title. There can be no possible interest in the complainant to keep these titles separate, and by taking the deed, and other acts, he has shown a disposition to unite them. No objection is perceived to the application of this doctrine to the purchase of a part of the mortgaged premises as well as the whole. The purchase, in this case, extended to the whole tract, except the hundred acres which had been sold. In Wiscot's case, 2 Coke, 61, it is laid down: "If the reversion be granted to tenant for life, and another in fee, the estate for life is extinct for a moiety; for tenant for life can not purchase, or get the reversion or remainder of the same land, but the estate for life will be merged, having regard to the estate which he hath gotten in the reversion." So far as these estates united in the same person there was a merger. And so in the case under consideration. The legal estate of the mortgagee extended to the whole tract covered by the mortgage; the purchase of the equity extended to the whole except the hundred acres. To the extent, then, of the union of these two titles, in the complainant, there

was a merger of the equitable right, and his title, to the extent of the sale, may be considered as valid. Whether the right of redemption was liable to be sold, at law, on execution, in this state, the court do not decide —they are inclined against it.

The second ground taken by the defendant, is that he has sustained damages by the proceeding of the defendant, and the defect of title, which raised an equity against the demand of the complainant. As it regards the suit by the mortgagee. on the bond complained of, it was no more than prosecuting a remedy in a legal form. The defect in the title is not set up in such a form as to authorize the court, in a suit like this, to inquire into the amount of damages sustained, if any. The complainant is liable on his warranty, and to that the defendant must resort, unless he shall make a case different from the one set up in his answer. Should the complainant, for the better securing of his title, ask to have set aside the sale of the equity of redemption, in order that the entire tract may be sold under the mortgage, the court will, probably, permit the necessary amendment of his bill to be made. Some objection is made as to Smith, the mortgagor. being made a party. He was clearly a necessary party. The cause will be continued for final hearing at the next term.